## BORO HALL CORPORATION v. GENERAL MOTORS CORPORATION et al.
### Civil Action No. 5592.

District Court, E. D. New York.

March 19, 1948.

Harry J. McDermott, of Brooklyn, N. Y., for plaintiff, for the motion.

George A. Brooks, of New York City (Edward B. Wallace, of New York City, of counsel), for defendants.

KENNEDY, District Judge.

Originally the plaintiff's claim was asserted in two counts, the first of which may be roughly described as a claim of breach of contract, and the second as a claim for relief on the basis of estoppel. The complaint was dismissed on motion. Boro Hall Corporation v. General Motors Corporation., D. C. E.D.N.Y. 1946, 68 F.Supp. 589. On appeal the dismissal of the "equitable" cause of action was affirmed, but the "law" count was remanded for trial. 2 Cir., 1947, 164 F.2d 770.

Now the plaintiff, having failed to make timely demand for a jury trial, urges that, as matter of discretion (Federal Rules of Civil Procedure, rule 39, 28 U.S.C.A. following section 723c), an order should be made directing that a jury determine the issue raised by the first count.

I have examined with care the opinion of the Circuit Court. The liability of the defendants will turn upon what the parties meant by their contract. The proof to be offered will merely be in aid of an interpretation of the dealings between the parties. It is clear to me that, in the interest of

everybody, a question of that sort ought to be tried not to a jury but to the court. To mention only one phase of the matter, trial to a judge will make necessary specific findings of fact which can be the subject of a proper review, whereas a general verdict of a jury on a question of this nature would not lend itself to proper analysis.

Should the plaintiff prevail, it can then renew its application under Rule 39 for a jury trial on the issue of damage, if it be so advised. I have no opinion about the suitability of trial to a jury of the damage question. But I am convinced that there is no appeal to discretion under Rule 39 when a suitor asks that a jury be impaneled to determine what a contract means.

Motion denied as indicated.